IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUQUINTON STEVENSON,

                Petitioner,

      vs.

F. CHAVEZ, Warden, Sierra Conservation
Center,

                Respondent.

No. 2:11-cv-01732-JKS

MEMORANDUM DECISION

Huquinton Stevenson, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Stevenson is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Sierra Conservation Center. Respondent has answered.  Stevenson has not replied.

## I.  PRIOR PROCEEDINGS/BACKGROUND

A San Joaquin County jury found Stevenson guilty of Robbery (Cal. Penal Code § 211) and found that he personally inflicted great bodily injury in the commission of the crime (Cal. Penal Code § 12022.7).  In a bifurcated trial, the San Joaquin County Superior Court found a prior prison term allegation true (Cal Penal Code § 667.5(b)).  The trial court sentenced Stevenson to an aggregate prison term of seven years.  The California Court of Appeal affirmed Stevenson's conviction and sentence in an unpublished decision,[1] and the California Supreme Court denied review on August 11, 2010.  In September 2010 Stevenson filed a petition for habeas corpus relief in the San Joaquin County Superior Court, which denied his petition in a

---

[1] *People v. Stevenson*, No. C063251, 2010 WL 2184893 (Cal. Ct. App. June 2, 2010).

reasoned decision on October 5, 2010.  Stevenson timely filed his Petition for relief in this Court

on June 17, 2011, and his Amended Petition with leave of court on July 31, 2011.  On August 30,

2011, Stevenson filed a petition for habeas relief in the California Supreme Court, which was

summarily denied without opinion or citation to authority on January 25, 2012.[2]

The California Court of Appeal summarized the evidence underlying Stevenson's

conviction:

> On the morning of January 6, 2009, M.R. was returning to her car after
> picking up some items at a market on the corner of Center and El Dorado in
> Stockton.  She was carrying two bags in her arms.  Her purse was hanging over her
> shoulder and she held the strap with her fingers.  She placed the two bags in the back
> seat and closed the door.  When she opened the front door and reached for her purse,
> she realized that it was gone.  She turned and saw [Stevenson] with the purse in his
> hand running away.  M.R. gave chase on foot, then ran back to her car and drove after
> [Stevenson].  A young man standing next to his truck pointed in the direction
> [Stevenson] had gone.  [Stevenson] rushed into a nearby duplex where his girlfriend
> lived with some of her family members.  M.R. drove across the street to an auto body
> shop and spoke with several men who worked there. She then called 911.
>
> When police arrived, M.R. was afraid and crying and complaining of pain in
> one of her fingers, which was swollen and slightly bent.  She directed police to the
> duplex, where [Stevenson] was found in the back bedroom and detained.  M.R.'s
> purse was recovered from the duplex.  It was missing $190 in cash and some personal
> items.
>
> M.M. was making his delivery to the grocery market on the day of the
> robbery.  As he worked inside the cab of his truck, which was parked in the market
> parking lot, he saw [Stevenson] walk up to M.R., lunge toward her, "yank[ ]" her
> purse out, and take off running.  M.M. initially gave chase, but then stopped and
> called police.  Shortly thereafter, he identified [Stevenson] in a field show-up.[3]

---

[2]

http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1990302&doc_n
o=S1960doc925.

[3] *Stevenson*, 2010 WL 2184893 at *1.

## II.  GROUNDS RAISED/DEFENSES

In his Amended Petition Stevenson raises four grounds:  (1) insufficiency of the evidence to support the robbery conviction; (2) insufficiency of the evidence to support the enhancement; (3) ineffective assistance of trial counsel; and (4) illegal search and seizure.  Respondent contends that Stevenson's second, third, and fourth grounds are unexhausted, and that his second and third grounds are procedurally defaulted.  Respondent asserts no other affirmative defenses.

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[6]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

---

[4] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 70-75 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412 (alteration added).

[6] *Early v. Packer*, 537 U.S. 3, 10 (2002).

3

'unreasonabl[y] appli[ed] clearly established Federal law.'"[7]   When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

be "objectively unreasonable," not just "incorrect or erroneous."[8]   The Supreme Court has made

clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

believing that the state-court determination was incorrect.[9]   "[A]bsent a specific constitutional

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

the trial with unfairness as to make the resulting conviction a denial of due process.'"[10]   In a

federal habeas proceeding, the standard under which this Court must assess the prejudicial

impact of constitutional error in a state court criminal trial is whether the error had a substantial

and injurious effect or influence in determining the outcome.[11]   Because state court judgments of

conviction and sentence carry a presumption of finality and legality, the petitioner has the burden

of showing by a preponderance of the evidence that he or she merits habeas relief.[12]

---

[7] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[8] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[9] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[10] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[12] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[13]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[14] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[15] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[16]

---

[13] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[14] *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

[15] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[16] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

Stevenson has not replied to Respondent's answer.  28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal and unsupported by an evidentiary basis, the court must accept Respondent's allegations.[17]  Where a petitioner has not disputed a contention in the response and it does not appear from the record before the court that the contention is erroneous, the court may accept that contention.[18]

## IV.  DISCUSSION

**A.**     **Exhaustion/Procedural Bar**

This Court may not consider claims that have not been fairly presented to the state courts.[19]  Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[20]  A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.[21]

---

[17] *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[18] *Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

[19] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[20] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[21] *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).

A federal habeas court will not review a claim rejected by a state court "if the decision of [the state] court rests on a ground that is independent of the federal question and adequate to support the judgment."[22]  "The state-law claim may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits."[23]  Procedural default does not preclude federal habeas review unless the last state court rendering judgment in a case, clearly and expressly states that its judgment rests on a state procedural bar.[24]

Stevenson raised his second, third, and fourth grounds in his state habeas proceedings.  At the time Stevenson filed his Petition for relief in this Court, although the San Joaquin County Superior Court had ruled on Stevenson's state habeas petition, he had not yet presented it to the California Appellate Courts.  Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  "The new petition, however, must be confined to claims raised in the initial petition."[25] If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[26]  This is considered as the functional equivalent of the appeal process.[27]

---

[22] *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

[23] *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011).

[24] *Teague v. Lane*, 489 U.S. 288, 298-99 (1989) (citing *Harris v. Reed*, 489 U.S. 255, 262-63 (1989)).

[25] *Walker v. Martin*, 131 S. Ct. 1120, 1125 (2011) (citing *In re Martinez*, 209 P.3d 908, 915 (Cal. 2009) ("The court has also refused to consider newly raised grounds for relief which were known to the petitioner at the time of a prior attack on the judgment.")).

[26] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[27] *Id.* at 222.

This Court, having considered the entire record declines to dismiss any of Stevenson's claims as unexhausted or procedurally defaulted.  First, this Court may deny a habeas claim on the merits, the failure to exhaust notwithstanding,[28] when it is clear that the petition does not raise a colorable federal claim.[29]  Second, to the extent that the claims were presented in the state-court habeas proceedings, the California Supreme Court has finally disposed of those claims and, because it did so summarily, the last state-court reasoned decision was that of the San Joaquin County Superior Court that predated the Petition in this case.  Third, this Court's discretion should be exercised to further the interests of comity, federalism, and judicial efficiency.[30]  Since Respondent also addresses Stevenson's claims on the merits in its answer, it appears to be in the interests of the parties and judicial efficiency without unduly offending the interests of either comity or federalism for the court to decide those three grounds on the merits.  Finally, it does not appear that any California Court invoked a procedural bar in denying any of Stevenson's claims.

**B.    Merits**

Ground 1:  Sufficiency of Evidence (Robbery); Ground 2:  Sufficiency of the Evidence (Enhancement)

Stevenson contends that there was no evidence that the victim's purse was taken with force and, because she was not aware of the injury to her finger until later, there was insufficient

---

[28] 28 U.S.C. § 2254(b)(2).

[29] *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir.2005); *see Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("plainly meritless").

[30] *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1997).

evidence to support a finding that the victim suffered bodily injury.  The California Court of

Appeal rejected Stevenson argument:

> [Stevenson] contends there was insufficient evidence to support his conviction for robbery.  We disagree.
>
> "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  (Pen.Code, § 211.)
>
> To constitute robbery, it is sufficient that either the gaining possession or the carrying away be accomplished by force or fear.  (*People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8; *People v. Pham* (1993) 15 Cal.App.4th 61, 65.)
>
> There is sufficient evidence here that [Stevenson] took M.R.'s purse by force.  M.R. testified that there was nothing wrong with her finger when she left the grocery store with her groceries.  Although M.M. never saw [Stevenson] touch M.R., he saw [Stevenson] yank the purse from her.  M.R. had her fingers wrapped around the strap of her purse when it was taken from her.  While she did not feel any tugging and did not immediately feel pain in her fingers at the moment her purse was taken, she experienced pain and swelling soon after when she used her phone to call for help.  A medical examination shortly after the robbery revealed that her right middle finger was indeed broken and, according to the treating physician, broken in a manner which required "a lot of force."
>
> [Stevenson] argues the element of force was missing because "[M.R.] offered no resistance whatsoever and felt absolutely no force used against her."  He adds that the injury to M.R.'s finger, "which she never perceived at the time of the taking of the purse, cannot retroactively supply the element of force or fear not present at the actual time of the incident."  As the People correctly point out, regardless of when M.R. actually realized she was injured, the force resulting in her injury occurred at the time [Stevenson] took the purse. " '[I]t is settled that a victim of robbery may be unconscious or even dead when the property is taken, so long as the defendant used force against the victim to take the property.'  [Citations.]"  (*People v. Abilez* (2007) 41 Cal.4th 472, 507.)  "There is no requirement a victim be aware that someone was taking his or her property."  (*Ibid.*)
>
> The record contains substantial evidence to support [Stevenson's] conviction for robbery.[31]

As articulated by the Supreme Court in *Jackson*, the constitutional standard for

sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to

the prosecution, *any* rational trier of fact could have found the essential elements of the crime

---

[31] *Stevenson*, 2010 WL 2184893 at *2.

beyond a reasonable doubt."[32]  This Court must, therefore, determine whether the California

court unreasonably applied *Jackson*.  In making this determination, this Court may not usurp the

role of the finder of fact by considering how it would have resolved any conflicts in the evidence,

made the inferences, or considered the evidence at trial.[33]  Rather, when "faced with a record of

historical facts that supports conflicting inferences," this Court "must presume—even if it does

not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor

of the prosecution, and defer to that resolution."[34]

      It is a fundamental precept of dual federalism that the States possess primary authority for

defining and enforcing the criminal law.[35]  Consequently, although the sufficiency of the

evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its

inquiry by reference to the elements of the crime as set forth in state law.[36]  This Court must also

be ever mindful of the deference owed to the trier of fact and the sharply limited nature of

constitutional sufficiency review.[37]  A fundamental principle of our federal system is "that a state

court's interpretation of state law, including one announced on direct appeal of the challenged

conviction, binds a federal court sitting in habeas corpus."[38]  A determination of state law by a

---

[32] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).

[33] *Jackson*, 443 U.S. at 318-19.

[34] *Id.* at 326; *see McDaniel*, 130 S. Ct. at 673-74.

[35] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[36] *Jackson*, 443 U.S. at 324 n. 16.

[37] *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005).

[38] *Bradshaw v. Richey*, 546 U.S. 74, 76, (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

state intermediate appellate court is also binding in a federal habeas action.[39]  This is especially

true where the highest court in the state has denied review of the lower court's decision.[40]

"[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited

to whether the error 'so infected the trial with unfairness as to make the resulting conviction a

denial of due process.'"[41]  "Federal courts hold no supervisory authority over state judicial

proceedings and may intervene only to correct wrongs of constitutional dimension."[42]  It is

through this lens that this Court must view an insufficiency of the evidence claim.

Stevenson misperceives the role of a federal court in a habeas proceeding challenging a

state-court conviction.  Under *Jackson*, the role of this Court is to simply determine whether

there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction.[43]  In this

case, the California Court of Appeal determined that there was sufficient evidence of each

element of the crime of robbery as defined in California law to support Stevenson's conviction.

The factual findings of the California Court of Appeal that the victim suffered the injury to her

finger during the commission of the robbery also supports Stevenson's conviction on the bodily

_____

[39] *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[40] *Id.*; *see West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (same).

[41] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[42] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[43] *See Schlup v. Delo*, 513 U.S. 298, 340 (1995).

injury enhancement.  Although it might have been possible to draw a different inference from the evidence, this Court is required to resolve that conflict in favor of the prosecution.[44]  Stevenson bears the burden of establishing by clear and convincing evidence that these factual findings were erroneous;[45] a burden Stevenson has failed to carry.  The record does not compel the conclusion that no rational trier of fact could have found proof of guilt of both robbery and the infliction of bodily injury during the commission of the robbery, especially considering the double deference owed under *Jackson* and AEDPA.  Stevenson is not entitled to relief under either his first or second ground.

Ground 3:  Ineffective Assistance of Counsel

Stevenson contends that his trial counsel was ineffective in that counsel failed to object to prosecutorial misconduct where the prosecutor mislead the jury into facts not in evidence, mischaracterized the evidence, stated facts not in evidence, and stated her personal belief as to the victim's injury.  Stevenson raised his ineffective assistance of counsel claim in his state habeas proceedings, albeit on a considerably different factual basis.[46]  To the extent they were presented to it, the San Joaquin County Superior Court rejected Stevenson's contentions:

> [Stevenson] alleges he received ineffective assistance of counsel in that he claims his attorney failed to object to prosecutorial misconduct which prejudiced the jury, failed to file a Motion to Suppress evidence, failed to investigate facts, research law, make pretrial motions, and challenge the admissibility of evidence.
> A claim of ineffective assistance of counsel has two components: "'First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious

---

[44] *See Jackson*, 443 U.S. at 326.

[45] 28 U.S.C. § 2254(e)(1).

[46] This Court treats Stevenson's claim as exhausted only to the extent he presented it to the state courts.  *See Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).

that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.   Second, the defendant must show that the deficient performance prejudiced the defense.   This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' [Citation.] [¶]  To establish ineffectiveness, a 'defendant must show that counsel's representation fell below an objective standard of reasonableness.'  [Citation.]  To establish prejudice he 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome.'  [Citation.]" (*Williams v. Taylor* (2000) 529 U.S. 362, 390-391, 120 S.Ct. 1495, 1511-1512, 146 L.Ed.2d 389, citing *Strickland v. Washington* (1984) 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; *In re Jones* (1996) 13 Cal .4th 552, 561, 54 Cal.Rptr.2d 52, 917 P.2d 1175.)  The ineffectiveness must "deprive the defendant of a substantive or procedural right to which the law entitles him." (*Williams v. Taylor, supra,* 529 U.S. at p. 393, 120 S.Ct. at p. 1513, fn. omitted.)  In re Vargas (2000) 83 Cal.App.4th 1125, 1132-1133, 100 Cal.Rptr.2d 265.

[Stevenson] has failed to demonstrate that counsel's decisions were anything other than trial tactics which are not reviewable on habeas corpus.  [Stevenson] has, therefore, failed to set forth a prima facie case of ineffective assistance of counsel so far as these claims are concerned.  (*People v. Weaver* (2001) 26 Cal.4th 876, 29 P.3d 103, 111 Cal.Rptr.2d 2.)

In addition, [Stevenson] has failed to set forth any facts to either support his contentions or demonstrate prejudice as a result of counsel's actions.   He has, therefore, failed to set forth a prima facie case for habeas corpus relief.  (*Strickland v. Washington* (1984) 466 U.S. 668; *People v. Weaver, supra.; In re Bower* (1985) 38 Cal.3d 865; 215 Cal.Rptr. 267, 700 P .2d 1269; *People v. Jackson* (1980) 28 Cal.3d 264; 168 Cal.Rptr. 603, 23 618 P.2d 149; and *In re Muszalski* (1975) 52 Cal.App.3d 500, 125 Cal. Rptr. 286.).[47]

---

[47] Docket No. 17 at 13-14.

Stevenson has the burden of establishing entitlement to relief.[48]  The petition must specify all the grounds for relief available to the petitioner and the facts supporting each ground.[49]  As the Supreme Court has stated:

> Habeas Corpus Rule 2(c) is more demanding [than notice pleading under Federal Rule of Civil Procedure 8(a)(2)].  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).  Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:
>> "**CAUTION:  You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**"  Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App., 28 U.S.C., P. 685 (2000 ed., Supp. V) (emphasis in original).
>> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."  § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).[50]

Under *Strickland*, to demonstrate ineffective assistance of counsel, Stevenson must show both that his counsel's performance was deficient and that the deficient performance prejudiced

---

[48] *Silva*, 279 F.3d at 835.

[49] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 2(c) (2012).

[50] *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

his defense.[51]  A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[52]  Stevenson must show that his defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[53]  In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[54]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[55]

The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the situation on direct review, focus is not on whether counsel's performance fell below the *Strickland* standard.  Rather, the focus is on whether the state-court decision holding that counsel

---

[51] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[52] *Id.*

[53] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[54] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

[55] *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

was not ineffective constituted an "*unreasonable* application of federal law[,] [which] is different

from an *incorrect* application of federal law."[56]

> Under § 2254(d), a habeas court must determine what arguments or theories
> supported or, as here, could have supported, the state court's decision; and then it
> must ask whether it is possible fairminded jurists could disagree that those arguments
> or theories are inconsistent with the holding in a prior decision of this Court.[57]

As Respondent notes, Stevenson does not identify the specific statements made by the

prosecutor to which he contends counsel should have objected.  Stevenson has presented no

greater factual support for his conclusory statements in this Court than he did in his petition in

the state courts.  Stevenson has the burden of proving by a preponderance of the evidence that he

is entitled to habeas relief.[58]  "A convicted defendant making a claim of ineffective assistance

must identify the acts or omissions of counsel that are alleged not to have been the result of

reasonable professional judgment."[59]  The court must then consider those acts or omissions

against "prevailing professional norms."[60]  Even then, "counsel is strongly presumed to have

rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment."[61]

Stevenson has not met this heavy burden.  He has shown no evidence indicating that

counsel was unreasonable or ineffective.  Stevenson presented no alternate attorney's

---

[56] *Richter*, 131 S. Ct. at 785 (emphasis in the original).

[57] *Id.* at 786.

[58] *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations unsupported
by specific facts are insufficient to warrant habeas relief).

[59] *Strtickland*, 466 U.S. at 690.

[60] *Id.*

[61] *Id.*

16

determination challenging counsel's decisions.  He has not quoted any "[p]revailing norms of practice as reflected in American Bar Association standards and the like" indicating that counsel acted outside these norms.[62]  Stevenson has failed to overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance or that his defense was prejudiced by any alleged omission as required by *Strickland-Hill*.

This Court cannot say that the decision of the San Joaquin County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[63] Nor, viewing the matter through the doubly-deferential lens of *Mirzayance-Richter*, can this Court find that the state court unreasonably applied the correct legal principle to the facts of Stevenson's case within the scope of *Andrade-Williams-Landrigan-Richter*; i.e., the state court decision was not more than incorrect or erroneous, its application of clearly established federal law was not objectively unreasonable.  Stevenson has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that defendant's defense was prejudiced, as required by *Strickland-Hill*. Stevenson is not entitled to relief under his third ground.

Ground 4:  Unconstitutional Search and Seizure

It is unclear from the Petition what evidence Stevenson contends resulted from an illegal search and seizure that should have been suppressed.  That omission notwithstanding,

---

[62] *Id.* at 688.

[63] 28 U.S.C. § 2254(d).

Stevenson's Fourth Amendment argument is foreclosed in any event by the Supreme Court decision in *Stone*.[64]   Under the holding in *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure was introduced at trial.[65]   The Ninth Circuit has made it clear that all *Stone* requires is that the State provide a state prisoner a fair and full opportunity to litigate his Fourth Amendment claim.[66]   "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."[67]   California law provides such an opportunity.[68] Consequently, Stevenson is not entitled to relief under his fourth ground.

---

[64] *Stone v. Powell*, 428 U.S. 465 (1976).

[65] *Id.* at 482.

[66] *See Moormann v. Schiro*, 426 F.3d 1044, 1053 (9th Cir. 2005).

[67] *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

[68] *See* Cal. Penal Code § 1538.5; *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990).

## V.  CONCLUSION AND ORDER

Stevenson is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ

of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[69]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[70]

The Clerk of the Court is to enter judgment accordingly.

Dated:  November 20, 2012.

                                         /s/ James K. Singleton, Jr.
                                         JAMES K. SINGLETON, JR.
                                         United States District Judge

---

[69] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

[70] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.